UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCESS MARIA SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  22-3817 (UNA) |
| ) | |
| ) | |
| THE OBAMAS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Washington, D.C., has sued "The Obamas" at an address in Chicago, Illinois.  In the one-sentence complaint, Plaintiff states that she is "filing this case to claim funds that were obtained through civil cases that were filed on my behalf."  That conclusory statement does not establish federal court jurisdiction, and "federal courts are without power to entertain claims" that "are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly

1

insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). So, this action will be dismissed by separate order.

Date: December 29, 2022

_____/s/_____
AMY BERMAN JACKSON
United States District Judge